Dana VINCENTI, n/k/a Dana Montana,
Plaintiff and Cross-Appellant,

v.

Rufus STEWART, Defendant and Cross-Respondent.

Court of Appeals

*No. 81–1565. Submitted on briefs February 3, 1982.—Decided May 19, 1982.*
(Also reported in 321 N.W.2d 340.)

For the plaintiff and cross-appellant the cause was submitted on the brief of *Richard P. Brugger* of Lake Geneva.

For the defendant and cross-respondent the cause was submitted on the brief of *Berwyn B. Braden* of *Braden & Olson* of Lake Geneva.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   This appeal raises the issue of whether a trial court is required to award a landlord a minimum of double rent damages against a holdover tenant in an eviction action under sec. 704.27, Stats. The trial court held that the decision of whether or not to award double rent damages was within its discretion and denied double rent damages. We conclude that sec. 704.27, Stats., requires that when a court grants a landlord relief under

this statute, the court must award minimum damages in the amount of double rent. Accordingly, the judgment is reversed with respect to damages.

On March 1, 1977, Rufus Stewart entered into a three-year written lease to rent a store building at 118 Broad Street in Lake Geneva, Wisconsin. Prior to the expiration of the lease, Dana Montana purchased the building. Before the lease expired on February 28, 1980, Montana received from Stewart twelve post-dated rental checks for $390 each. Montana cashed one of the checks each month, and Stewart remained in possession for one year. Sometime prior to March 1, 1981, Stewart again mailed Montana twelve post-dated checks for $390 each. This time Montana returned the checks to Stewart and notified him that the tenancy would be on a month-to-month basis starting March 1, 1981 at $600 per month. Stewart remained in possession and paid rental of $600 each month. On April 15, 1981, Montana's attorney sent Stewart a lease which would start May 1, 1981 and end April 30, 1983. The lease stated that rental would be $660 per month for the second year and $725 per month for the third year. Stewart wrote Montana that he was not satisfied with the proposed lease.

On May 19, 1981, Montana served Stewart with a notice to vacate effective June 28, 1981. Stewart did not vacate, and on July 2, 1981, Montana commenced this action for eviction. Montana requested as damages double rent dating from July 1, 1981. The trial court found that Montana terminated Stewart's tenancy by statutory notice and that Montana was entitled to possession as of July 1, 1981. The court issued a writ of restitution in favor of Montana. On the question of damages, the court stated that damages were within its discretion, and it awarded Montana costs and rent at the normal rate until Stewart vacated the premises.

Stewart filed an appeal, and the trial court stayed its writ of restitution for ten days pending the appeal. However, when Stewart vacated the premises on August 13, 1981, Stewart served notice that he was voluntarily dismissing his appeal. Montana then filed a cross-appeal to contest the trial court's refusal to award double rent as damages. Stewart challenged Montana's appeal and cited the voluntary dismissal of his original appeal as grounds. We denied Stewart's objection and allowed Montana to proceed with her own appeal.

Although appeals in small claims are subject to determination by a single judge under sec. 752.31(2)(a) and (3), Stats., it was determined that this case warranted a decision by a three-judge panel and a recommendation to publish this opinion because it clarifies an issue of substantial public interest. An order that the appeal be heard by a three-judge panel was entered pursuant to sec. 809.41(3), Stats.

On appeal, Montana argues that the trial court was required to award double rent as damages under the provisions of sec. 704.27, Stats.:

*Damages For Failure of Tenant to Vacate at End of Lease or After Notice.* If a tenant remains in possession without consent of his landlord after expiration of a lease or termination of a tenancy by notice given by either the landlord or the tenant, or after termination by valid agreement of the parties, the landlord may recover from the tenant damages suffered by the landlord because of the failure of the tenant to vacate within the time required. *In absence of proof of greater damages, the landlord may recover as minimum damages twice the rental value apportioned on a daily basis for the time the tenant remains in possession.* As used in this section, rental value means the amount for which the premises might reasonably have been rented, but not less than the amount actually paid or payable by the tenant for the prior rental period, and includes the money equivalent of any ob-

ligations undertaken by the tenant as part of the rental agreement, such as payment of taxes, insurance and repairs. [Emphasis added.]

The Wisconsin Supreme Court has not directly addressed the issue of whether minimum damages of double rent must be awarded under sec. 704.27, Stats. However, the supreme court has indicated that double rent is a minimum award. In *Harmann v. French,* 74 Wis. 2d 668, 247 N.W.2d 707 (1976), an owner brought suit to evict and to recover double rent against a holdover tenant who originally was offered an option to purchase. The trial court held that the tenant failed to exercise his option and was unlawfully holding over. Accordingly, the trial court ordered the tenant to vacate and to pay double rent as damages. On appeal, the supreme court addressed the issue of whether eviction actions apply where an option to purchase is originally involved. The supreme court affirmed the trial court's judgment, including the double rent award, without specifically addressing the issue of whether double rent damages must be awarded. However, the supreme court stated that sec. 704.27, Stats., "allows as *'minimum'* damages 'twice the rental value apportioned on a daily basis for the time the tenant remains in possession.'" 74 Wis. 2d at 673, 247 N.W.2d at 710. (Emphasis added.) [1]

According to the Committee Comment to sec. 704.27, Stats., the legislature considered double rent damages to

[1] Similarly, in *Scalzo v. Anderson,* 87 Wis. 2d 834, 275 N.W.2d 894 (1979), the owner of a trailer park commenced an eviction action against trailer park residents and sought restitution, unpaid rent, taxes and double damages. The trial court awarded double rent in granting the eviction relief. On appeal, the supreme court addressed issues concerning application of the eviction statutes to trailer parks and affirmed the trial court's award without discussion of the double rent as damages. The court noted, however, that the double rent damages were sought under sec. 704.27, Stats., 87 Wis. 2d at 841, 275 N.W.2d at 896, and affirmed the award of double rent damages without further discussion.

be a minimum remedy. The Committee Comment provides:

The proposed statute allows recovery of twice rental value only as a means of establishing minimum damages. In many cases the landlord cannot as a practical matter prove loss of a rental opportunity and is burdened with the cost and inconvenience of a lawsuit to recover his damages and in some cases a second lawsuit to recover possession. The proposed statute limits the double recovery, however, to a daily apportionment of the rent. The landlord cannot under the proposed statute recover both special damages and double the rental value as under present sec. 234.06.

Committee Comment to sec. 704.27, Stats. (1969).

By allowing double rent as a minimum damage amount, the legislature granted landlords compensation for bringing an eviction action and for loss of rental income without requiring proof of consequential damages in every case. Thus, the statute grants a minimum award and facilitates prompt eviction of holdover tenants.

In the present case, the trial court emphasized the following language from sec. 704.27, Stats.: "In absence of proof of greater damages, the landlord *may recover* as minimum damages twice the rental value . . . ." Accordingly, the trial court held that the award was subject to the court's discretion and denied Montana's claim for double rent damages.[2]

---

[2] Montana also seeks recovery under sec. 809.83(1), Stats., because she contends that Stewart's original appeal was filed solely as a tactic to delay his eviction. Section 809.83(1), Stats., provides as follows:

**Penalties for delay or non-compliance with rules.** (1) *Delay; Extra Costs and Damages.* If the court finds that an appeal was taken for the purpose of delay, it may award: (a) double costs; (b) a penalty in addition to interest not exceeding 10% on the amount of the judgment affirmed; (c) damages occasioned by the delay; and (d) reasonable attorneys fees.

We do not construe the statute as allowing trial courts such discretion. Instead, the phrase "may recover" refers to the fact that a double rent damages award is conditional upon an absence of proof as to greater damages.

We hold that sec. 704.27, Stats., requires an award of double rent where greater damages have not been proved. Therefore, the trial court committed error in refusing to grant Montana double rent as damages, and the judgment is reversed in that respect. The cause is remanded with directions to modify the judgment according to this opinion.

*By the Court.*—Judgment affirmed in part; reversed in part, and cause remanded with directions.

Stewart's original appeal was voluntarily dismissed before briefs were required to be filed in that appeal. We decline to consider in this cross-appeal whether Stewart's appeal was taken for purposes of delay because it is impossible to determine without the briefs or a complete record whether that appeal raised legitimate issues and was not solely for the purpose of delay.